# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### HARRISBURG DIVISION

IN RE:                                                          CHAPTER 13
                                                               CASE NO.: 1:23-bk-01220-HWV
**Shawn P Reachard**

    **Debtor,**

_____/

**Specialized Loan Servicing LLC,**

    **Movant,**

**v.**

**Shawn P Reachard**
**Jack N Zaharopoulos**

    **Respondents.**

_____/

## MOTION OF SPECIALIZED LOAN SERVICING LLC FOR RELIEF FROM

## AUTOMATIC STAY

Movant, Specialized Loan Servicing LLC, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Shawn P Reachard, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on June 1, 2023.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On December 4, 2014, Shawn P Reachard executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of

$86,250.00 to Members 1ST Federal Credit Union. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on December 10, 2014, in Book 2302 at Page 4166 of the Public Records of York County, PA.  A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the property located in York County commonly known as 21 Baltimore Street, Spring Grove, Pennsylvania 17362.

6. The loan was lastly assigned to Specialized Loan Servicing LLC and said Assignment of Mortgage was recorded with the York County Recorder of Deeds on October 7, 2020 in Instrument Number 2020049177. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C".

7. Based upon the Debtor(s)' Third Amended Chapter 13 Plan (Docket No.42), the Trustee intends to cure Movant's pre-petition arrearages within the Chapter 13 Plan and the Debtor is responsible for maintaining post-petition payments directly to Movant. A true and correct copy of the Third Amended Chapter 13 Plan is attached hereto as Exhibit "D."

8. Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor, has been duly indorsed, or Creditor, directly or through an agent has possession of the promissory note and may enforce the promissory note as a transferee in possession. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust. If the original promissory note is lost or destroyed, then Creditor will seek to prove the promissory note using a lost note affidavit.

9. Upon review of internal records, Debtor has failed to make the monthly payments of

principal, interest, and escrow in the amount of $829.69 which came due January 1, 2024 through March 1, 2024.  See Exhibit "E."

10. Thus, Debtor(s)' post-petition arrearage totaled the sum of $2,473.95 with suspense balance of $15.12 through March 31, 2024.

11. As of March 19, 2024, the current unpaid principal balance due under the loan documents is approximately $73,269.66.  Movant's total claim amount, itemized below, is approximately $99,036.08.  See Exhibit "F."

| Principal | $73,269.66 |
|:---:|:---:|
| Accrued Interest | $7,938.57 |
| Fees/Costs | $6,984.41 |
| Escrow Advance | $11,211.12 |
| Recoverable Balance | ($367.68) |
| Total to Payoff | $99,036.08 |

12. According to the Debtor(s)' schedules, the value of the property is $181,100.00.  A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "G."

13. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from stay under Section 362 (d)(1) where the value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Movant. Movant additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.} Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to

make installment payments or payments due under a court-approved plan, on a secured

debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

14. As set forth herein, Debtor has defaulted on his secured obligation as he has failed to make

his monthly post-petition installment payments.

15. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable

Court to grant relief from the automatic stay to allow Movant, its successor and/or

assignees to pursue its state court remedies, including the filing of a foreclosure action.

16. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to

insure, preserve, or protect the collateral; therefore, Movant requests that the Court waive

the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Movant, prays this Honorable Court enter an order modifying the

automatic stay under 11 U.S.C. § 362(d), to permit Movant to take any and all steps necessary to

exercise any and all rights it may have in the collateral described herein, to gain possession of

said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery

of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further

relief as this Honorable Court deems just and appropriate.

Date: April 15, 2024

> **Robertson, Anschutz, Schneid, Crane**
> **& Partners, PLLC**
> Attorney for Movant
> 13010 Morris Rd., Suite 450
> Alpharetta, GA 30004
> Telephone: 470-321-7112
> By: /s/ Michelle L. McGowan
> Michelle L. McGowan
> PA Bar Number 62414
> Email: mimcgowan@raslg.com